**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
RALPH GIUGLIANO,

                   Plaintiff,

             - against -

FS² CAPITAL PARTNERS, LLC,
LANCE MURPHY, BILL WOLFE, AND
JOHN SHAIN,

                  Defendants.
--------------------------------------------------------X

**MEMORANDUM
AND ORDER**

CV 14-7240 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**    **PRELIMINARY STATEMENT**

     Plaintiff Ralph Giugliano ("Giugliano" or "Plaintiff") brings this age discrimination and

retaliation action against his former employer, Defendant FS² Capital Partners, LLC ("Defendant"

or "FS²"), alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et*

*seq.* ("ADEA"), the New York State Human Rights Law, N.Y. Exec. L. § 290 *et seq.*

("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*

("NYCHRL"). *See generally* Compl. [DE 1].[1] Presently before the Court is Plaintiff's letter

---

[1]     Plaintiff originally brought this action against three individual defendants in addition to
FS². *See* Compl. On February 23, 2015, Defendants moved to dismiss the Complaint in its
entirety. *See* DE 18. While the instant discovery motion was pending, Judge Spatt (1) granted
Defendants' motion to dismiss, in part, as to Plaintiff's causes of action for unpaid wages, breach
of contract, conversion, and unjust enrichment; and (2) denied the motion, in part, as to Plaintiff's
causes of action under the ADEA, the NYSHRL, and the NYCHRL against FS². *See* DE 53. As a
result of Judge Spatt's decision on the motion, the three individual defendants have been dismissed
from this case. *See id.*; *see also* Answer [DE 54] (Answer to the Complaint filed on behalf of FS²
only).

motion seeking (1) to quash the *subpoena duces tecum* and *subpoena ad testificandum* (collectively, the "Subpoena") issued by FS² to Dividend Capital Securities, LLC ("Dividend"), a company Plaintiff worked for after his employment with FS² ended; and (2) a protective order precluding the use of information obtained from the Subpoena and barring Defendant from serving additional subpoenas on Dividend.  *See* Pl.'s Mot. [DE 51].  FS² opposes the motion.  *See* Def.'s Opp'n [DE 52].  For the reasons set forth in this Memorandum and Order, Plaintiff's motion is GRANTED, in part, and DENIED, in part.

## II.   RELEVANT BACKGROUND

Plaintiff was formerly employed by FS² as a Regional Sales Director.  Compl. ¶ 32. Plaintiff alleges that, during the course of his employment, FS² (1) intentionally discriminated against him on the basis of his age, and (2) retaliated against him for filing a charge of discrimination with the Equal Employment Opportunity Commission, in violation of the ADEA, the NYSHRL, and the NYCHRL.  *See id.* ¶¶ 61-100.  According to Plaintiff, around June 10, 2014, he was "constructively terminated" from his position with FS² as a result of the Defendant's discriminatory and retaliatory conduct.  *See id.* ¶¶ 63, 65, 72, 79, 98.  Plaintiff seeks damages in this litigation for "past and future earnings, bonuses, [and] other employment benefits . . . in an amount to be determined at trial."  *Id.* ¶¶ 67, 74, 81, 87.

Not long after his employment with FS² ended, Plaintiff worked for Dividend from approximately June 2014 to August 2015.  *See* Pl.'s Mot. at 3.  On July 29, 2015, FS² served Plaintiff's counsel with a notice and a copy of the Subpoena Defendant intended to serve on Dividend.  *See* DE 51-1.  The Subpoena directs a corporate representative of Dividend to appear for a deposition to testify as to the following topics:

1. All matters relating to the recruitment and hiring of Giugliano by Dividend.

2. Giugliano's employment with Dividend, including his compensation.

3. Any communications between Dividend and Giugliano concerning FS².

4. Any communications between Dividend and Giugliano concerning the instant litigation; and

5. The content of any documents produced in response to th[e] Subpoena.

*See id.* The Subpoena further directs Dividend's corporate representative to bring to the deposition all documents and materials from December 1, 2013 to the present which concern: (1) Dividend's recruitment and hiring of Plaintiff; (2) Plaintiff's compensation while employed by Dividend; (3) the termination of Plaintiff's employment with Dividend; (4) communications between Dividend and Plaintiff concerning FS²; and (5) the instant litigation. *See id.*

Before FS² completed service of the Subpoena on Dividend, Plaintiff filed this motion to quash. *See* Def.'s Opp'n at 1 n.1. According to counsel for FS², she has "refrained from serving the Subpoena, and ha[s] not received any information in response to the Subpoena." *Id.*

## III.   LEGAL STANDARDS

Under Rule 45 of the Federal Rules of Civil Procedure, any party may serve a subpoena commanding a non-party to, as relevant here, "attend and testify[, and/or] produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control[.]" Fed. R. Civ. P. 45(a)(1)(A)(iii)). Rule 45 further provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to

undue burden." *Id.* (c)(3)(A)(iii)-(iv). "The decision whether to quash or modify a subpoena is committed to the sound direction of the trial court." *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011) (citations omitted); *see In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 68 (2d Cir. 2003); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012) ("A determination to grant or deny . . . a motion to quash a subpoena is discretionary."); *Solomon v. Nassau Cnty.*, 274 F.R.D. 455, 460 (E.D.N.Y. 2011) ("Motions to quash subpoenas under the Rules are 'entrusted to the sound discretion of the district court.'") (quoting *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003)).

"A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (internal quotation marks omitted); *see, e.g.*, *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) ("Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)"); *Ford Motor Credit Co. v. Meehan*, No. CV 05-4807, 2008 WL 2746373, at *4 (E.D.N.Y. July 11, 2008). "In response to a motion to quash a subpoena, the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Libaire*, 760 F. Supp. 2d at 291 (quoting *Kingsway Fin. Servs., Inc. v. Pricewaterhouse–Coopers LLP*, No. 03-CV-5560, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008)); *see, e.g.*, *AP Links, LLC v. Russ*, 299 F.R.D. 7, 11 (E.D.N.Y. 2014) (quoting *Night Hawk Ltd. v. Briarpatch Ltd.*, 03-CV-1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003)); *Crosby v. City of New York*, 269 F.R.D. 267, 282 (S.D.N.Y. 2010). Relevance in this context "'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" *AP Links*, 299 F.R.D. at 11 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351

(1978)) (citing *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (noting that the scope of discovery under Rule 26(b) is "very broad")); *see, e.g.*, *Warnke*, 265 F.R.D. at 66; *see also Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (recognizing that the information sought pursuant to Rule 26 "need not be admissible at trial to be discoverable").[2]

"Once the party issuing the subpoena has demonstrated the relevance of the requested [information], the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome." *AP Links*, 299 F.R.D. at 11 (quoting *Kingsway Fin. Servs.*, 2008 WL 4452134, at *4) (internal quotation marks omitted); *see Libaire*, 760 F. Supp. 2d at 291 (quoting *Corbett v. eHome Credit Corp.*, No. 10–CV–26, 2010 WL

---

[2]     While the Plaintiff's motion to quash was pending, Rule 26(b)(1) was amended to allow discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  As explained in the Advisory Committee's Note to the December 2015 amendment, "the provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence'" has now been eliminated.  Fed. R. Civ. P. 26 advisory committee's note.  However, "[u]nder the amended Rule, 'relevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.'" *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (quoting *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14–CV–9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015)) (internal quotation marks and alteration omitted); *accord Bagley v. Yale Univ.*, No. 13-CV-1890, 2015 WL 8750901, at *7 (D. Conn. Dec. 14, 2015).  As courts in this Circuit have observed, "the amended Rule is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information."  *Henry*, 2016 WL 303114, *3 (S.D.N.Y. 2016); *accord Augustyniak v. Lowe's Home Ctr., LLC*, No. 14-CV-00488-JJM, 2016 WL 462346, at *5 (W.D.N.Y. Feb. 8, 2016).  Particularly, in the context of a motion to quash a subpoena, "the Court should consider both the nature of information sought and whether its production is 'proportional to the needs of the case.'"  *Henry*, 2016 WL 303114, at *3 (quoting Fed. R. Civ. P. 26(b)(1)).

3023870, at *3 (E.D.N.Y. Aug. 2, 2010)); *accord John Wiley & Sons, Inc.*, 284 F.R.D. at 189

(burden on motion to quash is borne by the moving party); *Ford Motor Credit Co.*, 2008 WL

2746373, at *5 (same). "Whether a subpoena imposes an 'undue burden depends on such factors

as relevance, the need of the party for the documents, the breadth of the document request, the time

period covered by it, the particularity with which the documents are described and the burden

imposed.'" *Libaire*, 760 F. Supp. 2d at 293-94 (quoting *Ebbert v. Nassau Cty.*, No. 05- CV-5445,

2007 WL 674725, at *4 (E.D.N.Y. Mar. 5, 2007)); *accord Crespo v. Beauton*, No. 15-CV-412,

2016 WL 259637, at *2 (D. Conn. Jan. 21, 2016) (quoting *Travelers Indemnity Co. v.

Metropolitan Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005)).

Moreover, under Rule 26(c), the "court may, for good cause, issue an order to protect a

party or person from annoyance, embarrassment, oppression, or undue burden or expense,

including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). "The burden of

showing good cause for the issuance of a protective order falls on the party seeking the order."

*Torcasio v. New Canaan Bd. of Ed.*, No. 15-CV-53, 2016 WL 312102, at *2 (D. Conn. Jan. 26,

2016) (citing *Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504, 505 (2d Cir. 2011)

(summary order)). To meet the good-cause standard under Rule 26(c), "the moving party must

establish 'particular and specific facts' rather than 'conclusory assertions,' that justify the

imposition of a protective order." *Coggins v. Cty. of Nassau*, No. 07-CV-3624, 2014 WL 495646,

at *2 (E.D.N.Y. Feb. 6, 2014) (quoting *Rofail v. United States*, 227 F.R.D. 53, 54–55 (E.D.N.Y.

2005)); *see, e.g.*, *Torcasio*, 2016 WL 312102, at *2 ("To establish good cause under Rule 26(c),

courts require a particular and specific demonstration of fact, as distinguished from stereotyped

and conclusory statements.") (internal quotation marks omitted). Ultimately, the trial court has

"broad discretion" in determining whether to enter a protective order pursuant to Rule 26(c). *See,*

*e.g.*, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 26 (1984) ("The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."); *Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*, 663 F.2d 371, 391 (2d Cir. 1981) (stating that a district court has "broad discretion to determine whether an order should be entered protecting a party from disclosure of information claimed to be privileged or confidential").

## IV.  DISCUSSION

### A.  Motion to Quash

#### 1.  *The Parties' Contentions*

Plaintiff seeks a complete nullification of the Subpoena on the grounds that the testimony and documents FS² seeks from Dividend are "irrelevant" to this case.  Pl.'s Mot. at 3.  In particular, Plaintiff contends that the information requested in the Subpoena is not related to the "subject matter" of this litigation – *i.e.*, Defendant's alleged discriminatory and retaliatory conduct – and instead "concerns a period *after* the cessation of Plaintiff's employment with the corporate Defendant."  *Id.* (emphasis in original).[3]  Plaintiff further asserts that, "[a]ssuming *arguendo* that this Court concludes that the information is relevant," the Subpoena should still be quashed because it is overbroad, unduly burdensome, and seeks information which is "at most [of] *de minimis* value to Defendant[]."  *Id.*  According to Plaintiff, allowing FS² to serve the Subpoena on Dividend would "significantly intrude[] upon his privacy interest" and could injure his "professional reputation," making it more difficult for him to secure future employment.  *Id.*

---

[3]      Plaintiff also asserts that the information sought in the Subpoena is not relevant to his "claims relating to violations of New York Labor Law and breach of contract as pertaining to Plaintiff's assigned geographic sales territory and commissions."  Pl.'s Mot. at 3.  However, Plaintiff's causes of action for unpaid wages under the New York Labor Law and breach of contract have been dismissed from this action.  *See* DE 53.

Plaintiff also points out that "the scope of the Subpoena spans a period of time greater than Plaintiff's employment with Dividend." *Id.* Ultimately, Plaintiff asserts that, because his deposition has not yet been taken and "discovery is still ongoing, the Subpoena is at minimum premature." *Id.*

In response, FS² asserts that the testimony and documents sought in the Subpoena are relevant to Plaintiff's claim of constructive discharge and are necessary to support the defense "that Plaintiff voluntarily resigned from his position at FS² because he received a job offer from Dividend." Def.'s Opp'n at 2. FS² further maintains that the Subpoena is "appropriately tailored" to seek "relevant documents and information concerning Dividend's recruitment of Plaintiff, including documents for the period preceding Plaintiff's alleged constructive discharge." *Id.* FS² points out that, although it has "sought an itemization of damages allegedly incurred by Plaintiff, he has responded only that those damages are 'to be determined at trial.'" *Id.* at 1 (citing Plaintiff's Response to Defendants' First Set of Interrogatories, annexed to Def.'s Opp'n as Ex. A, at 4-5). Plaintiff also has not produced his federal and state tax returns and has instead provided FS² with "only five pages of W-2s related to certain years of his employment with FS² and a previous employer, but no W-2 for 2014 and nothing related to his employment with Dividend." *Id.* "Nor has Plaintiff produced any documentation . . . about the process by which Plaintiff was hired at Dividend, or about any statements Plaintiff made to Dividend about his employment with FS2." *Id.* Meanwhile, FS² notes that Plaintiff has certified in an affidavit that he has produced all relevant documents in his possession. *Id.* (citing Affidavit of Ralph Giugliano ("Giugliano Aff."), annexed to Def.'s Opp'n as Ex. D, ¶¶ 4-5). Accordingly, FS² asserts that "[i]n light of the dearth of information Plaintiff produced in discovery concerning the employment that he commenced immediately following his alleged constructive termination, relevant both to that allegation and to

his purported damages, Defendant[] determined it was necessary to issue the Subpoena to Dividend to discover relevant documents and information." *Id.* at 1-2.

### 2. *Application*

As a threshold matter, it is undisputed that, as Plaintiff states in his motion, he has standing to move to quash the Subpoena directed to Dividend. "Generally, standing to quash a non-party subpoena exists where the plaintiff asserts a legitimate privacy interest in the information sought." *Warnke*, 265 F.R.D. at 66 (citing *Ireh v. Nassau Univ. Med. Center*, No. 06-CV-09, 2008 WL 4283344, at *3 (E.D.N.Y. Sept. 17, 2008); *Mirkin v. Winston Res., LLC*, No. 07-CV-02734, 2008 WL 4861840, at *1 (S.D.N.Y. Nov. 10, 2008)). "Here, Plaintiff has a legitimate privacy interest in information regarding his subsequent employment and therefore has standing to bring the instant motion." *Warnke*, 265 F.R.D. at 66.

Turning to the merits of the motion, as noted above, the party seeking enforcement of the Subpoena carries the initial burden to establish both relevance and materiality as to the allegations and claims at issue. *See, e.g.*, *id.*; *Night Hawk Ltd.*, 2003 WL 23018833, at *8. Here, FS² asserts that the information sought in the Subpoena is relevant to Plaintiff's claim that he was constructively discharged from FS², as well as FS²'s defense that Plaintiff voluntarily left FS² for a position with Dividend. *See* Def.'s Opp'n at 2-3. There is no question that FS² is permitted to explore Plaintiff's alleged constructive discharge, since Plaintiff put that claim in issue, and to pursue a defense to that claim based on Plaintiff's subsequent employment with Dividend, which appears to have begun almost immediately after his employment with FS² ended. The Court further notes that, although Plaintiff has not yet been deposed, Plaintiff has not provided any documentation concerning when and how he was hired by Dividend or the salary he was paid

while he worked there – information that is relevant not only to the constructive discharge claim but also to Plaintiff's duty to mitigate his damages.

In light of these considerations, the Court concludes that FS² has met its burden of demonstrating that certain information it seeks in the Subpoena is relevant and material to Plaintiff's constructive discharge claim, FS²'s defenses to that claim, and Plaintiff's alleged damages. In particular, the Court finds that the document requests regarding: (1) Dividend's recruitment and hiring of Plaintiff (Document Request No. 1); (2) Plaintiff's compensation while employed by Dividend (Document Request No. 2); and (3) communications between Dividend and Plaintiff concerning FS² (Document Request No. 4), could to lead to information which bears on these issues. The Court reaches the same conclusion with respect to the deposition topics regarding: (1) Dividend's recruitment and hiring of Plaintiff (Deposition Topic No. 1); (2) Plaintiff's employment with Dividend and his compensation while employed there (Deposition Topic No. 2); (3) communications between Plaintiff and Dividend concerning FS² (Deposition Topic No. 3); and (4) the contents of documents produced in response to the Subpoena (Deposition Topic No. 5).

However, FS² has not met its burden of demonstrating the relevance of the deposition topic regarding communications between Dividend and Plaintiff about this action (Deposition Topic No. 4), or the document requests regarding (1) the termination of Plaintiff's employment with Dividend (Document Request No. 3), and (2) the instant litigation (Document Request No. 5). The Court finds that the information sought by these demands is irrelevant to both the constructive discharge claim and FS²'s asserted defense to that claim. The Court further notes that Document Request No. 4 – which directs Dividend to provide all communications between it and Plaintiff during the relevant time period – adequately encompasses any potentially relevant information

sought by both Deposition Topic No. 4 and Document Request No. 5 such that Dividend should not be compelled to respond to these requests, which are overbroad and seek information to which the Court finds FS² has no entitlement. Accordingly, Plaintiff's motion to quash is GRANTED, in part, with respect to Deposition Topic No. 4, Document Request No. 3, and Document Request No. 5, and the Subpoena shall be modified to remove those requests.

Having addressed relevance, the Court now considers whether Plaintiff has met his burden of demonstrating that the Subpoena should be quashed because it "is over-broad, duplicative, or unduly burdensome." *AP Links*, 299 F.R.D. at 11; *see During v. City Univ. of New York*, No. 05-CV-6992, 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006) ("Only if a matter is relevant and potentially discoverable must a court then consider whether additional Rule 26 limitations on discovery apply.").

Plaintiff first argues that the timeframe of December 1, 2013 to the present for FS²'s document requests is overbroad because it "spans a period of time greater than Plaintiff's employment with Dividend," which Plaintiff states "lasted from approximately June 2014 to March 2015." Pl's Mot. at 3. The Court finds that the December 1, 2013 start date is appropriately tailored to allow FS² to discover information concerning any alleged recruitment and hiring of Plaintiff by Dividend – a process which may have begun before he began working for Dividend in June 2014 – as well as Plaintiff's communications with Dividend about FS². However, the Court concludes that, without a finite end date, the timeframe for the document requests is overbroad. Accordingly, Plaintiff's motion to quash is GRANTED, in part, to the extent that the timeframe for the document requests shall be modified to December 1, 2013 to April 30, 2015.

The motion to quash is also GRANTED, in part, with respect to Deposition Topic No. 2, which the Court finds is overbroad as written. The Court is limiting this topic solely to two issues: (1) Plaintiff's' compensation at Dividend, and (2) whether Plaintiff ever brought any internal or external complaints of age discrimination while employed by Dividend. As to Deposition Topic No. 5, the questioning is limited to the documents produced in response to the Court's directives. The Subpoena is therefore modified to this extent as well.

Plaintiff also generally argues that the Subpoena directed to his former employer is unduly burdensome because it "intrudes upon his privacy interest" and could potentially injure his professional reputation. Pl.'s Mot. at 3. Citing *Warnke*, Plaintiff notes that courts in the Second Circuit have recognized "the direct negative effect that disclosures of disputes with past employers can have on present employment" and have therefore required defendants to "obtain the information from less intrusive means where possible," such as through documents in the plaintiff's possession or through the plaintiff's deposition. *Id.* (quoting *Warnke*, 265 F.R.D. at 69).

Plaintiff is correct that issues of privacy and the potential impact on a plaintiff's employment prospects are factors which courts consider in deciding whether to quash a subpoena directed to a former employer. *See, e.g.*, *Warnke*, 265 F.R.D. at 66 (stating that "Plaintiff has a legitimate privacy interest in information regarding his subsequent employment"); *Gambale v. Deutsche Bank AG*, No. 02-CV-4791, 2003 WL 115221, at *2 (S.D.N.Y. Jan. 10, 2003) (granting motion to quash because the Rule 45 subpoenas served on executive search firms with which plaintiff worked before and after her termination because such discovery "would subject plaintiff to necessary annoyance and embarrassment within the meaning of Rule 26(c)"). However, having considered Plaintiff's privacy concerns in light of the circumstances here, the Court finds that "the burden imposed on Plaintiff by Defendant's subpoena is slight and do[e]s not outweigh

Defendant's right to obtain the information sought." *Mirkin*, 2008 WL 4861840, at *1. Notably, the fact that Plaintiff (1) has raised a constructive termination claim in this litigation, and (2) started working for Dividend so soon after he left FS², diminish the weight afforded to his stated privacy interests. These factors also serve to differentiate this case from *Warnke* and other cases Plaintiff has relied on to demonstrate undue burden.

This case is also distinguishable from *Warnke* in other key respects. First, unlike *Warnke*, where the plaintiff was "currently employed by two companies the defendant sought to subpoena," Plaintiff no longer works for Dividend. 265 F.R.D. at 69; *see Mirkin*, 2008 WL 4861840, at *1 (denying motion to quash and noting that the plaintiff "s no longer employed" by the employer subpoenaed by the defendant). Second, the universe of documents and information at issue here is not as broad as in *Warnke*, and, as discussed above, FS² has met its burden of establishing the relevance of certain categories of information it seeks. 265 F.R.D. at 66-67, 69-70 (quashing subpoena which sought plaintiff's employment applications, resumes, personnel files, payroll records, and offers of employment to support a mitigation defense). Third, by the time the defendant sought to subpoena plaintiff's employers in *Warnke*, the plaintiff had already produced some of the information sought in the subpoenas – specifically, "copies of his income tax returns for the years 2005 through 2008 and copies of his 2009 pay stub from both of his current employers." 265 F.R.D. at 70. In light of that fact, this Court stated in *Warnke* that the defendant was not entitled to obtain information from the plaintiff's payroll records directly from the plaintiff's employers, "but rather, must obtain the information from less intrusive means ***where possible***." *Id.* (emphasis supplied). By contrast, here, Plaintiff has not produced any tax returns or W-2s related his employment with Dividend, nor has he produced any documents regarding the hiring or recruitment process or his communications to Dividend about FS². *See* Def.'s Opp'n at 1.

13

And, according to Plaintiff's affidavit, he has already produced all documents in his possession which are responsive to FS²'s demands. *See* Giugliano Aff. ¶¶ 4-5.

In sum, the progress of discovery so far demonstrates to the Court that, unlike in *Warnke*, it is not reasonably possible for FS² to obtain the information it seeks "from less intrusive means." 265 F.R.D. at 70. Rather, as FS² states in its opposition, it "ha[s] no choice but to seek discovery of relevant materials from Dividend via the Subpoena." Def.'s Opp'n at 3. The Court also sees no reason to postpone enforcement of the Subpoena until after Plaintiff's deposition since Plaintiff has indication that he simply does not have the information FS² seeks. Accordingly, Plaintiff's motion to quash is GRANTED, in part, to the extent set forth above, and is otherwise DENIED.

The Court also briefly addresses here Defendant's statements regarding the itemization of damages it has sought unsuccessfully from Plaintiff. *See* Def.'s Opp'n at 1. The Court has reviewed Plaintiff's response to Interrogatory No. 3 and finds the response to be deficient and in contravention of the Federal Rules. The Court first points out that Plaintiff had an obligation to set forth the categories of damages sought and the estimated calculation of each of those categories in his Rule 26(a) Initial Disclosures. All litigants are aware that damages estimates and calculations are often fluid at the outset of litigation and are subject to adjustment as information becomes known during the discovery phase of the case. However, that does not relieve a plaintiff from providing the best estimate of the client's damages based on information vetted with the client at intake and throughout the course of the litigation. The Court has no way of knowing what information Plaintiff provided in his Rule 26(a) Initial Disclosures because no one has provided a copy of those disclosures to the Court. However, as to the chart provided in response to Defendant's Interrogatory No. 3, the response of "To be determined at trial" is unacceptable. There is no reasonable basis why Plaintiff cannot provide his best estimate of the backpay he seeks

as damages, nor his best estimate of the compensatory damages/emotional damages he seeks, nor the estimated amount of unpaid commissions, as well as eligible accrued vacation and sick time that was not used. As to front pay, Plaintiff is certainly in a position to give an estimate of what he will ask the Court to award going forward for a specific period of time calculated on annual wages. As to attorney's fees and expenses, the Court will not require further information ***at this time***. In the event the parties enter into settlement discussions, that issue may become more pressing. However, as to any costs/expenses Plaintiff has incurred in the case, the Plaintiff is in a position to provide a finite number that has been expended in this case to date and he is directed to do so, understanding that such numbers will need to be supplemented as the litigation proceeds and further expenses are incurred. Therefore, the Court is directing that Plaintiff supplement his responses to Interrogatory No. 3 within 14 days of the entry of this Order and in conformance with the directive given here.

**B.** **Motion for a Protective Order**

Plaintiff also asks the Court to impose a protective order which precludes FS² from using information it obtained from the Subpoena and bars FS² from serving additional subpoenas on Dividend. *See* Pl.'s Mot. at 1. In response, FS² asserts that this request for relief is moot because FS² has "refrained from serving the Subpoena, and ha[s] not received any information in response to the Subpoena." Def.'s Opp'n at 1 n.1. The Court accepts the representations of FS²'s counsel as officer of the Court. Therefore, the application for a protective order is DENIED AS MOOT.

**V.** **C**ONCLUSION

For the reasons set forth in this Memorandum and Order, Plaintiff's motion is GRANTED, in part, and DENIED, in part. Specifically, the motion to quash the Subpoena is GRANTED, to

the extent that the Subpoena is hereby modified as discussed above, and is otherwise DENIED.

Further, Plaintiff's motion for a protective order is DENIED AS MOOT.

FS² must effect service of the modified Subpoena on Dividend by April 14, 2016.

Thereafter, if FS² elects to depose Dividend's corporate representative, that deposition must be

completed within 30 days, namely, by May 11, 2016.

**SO ORDERED.**

Dated: Central Islip, New York
　　　　March 31, 2016

　　　　　　　　　　　　　　　　　/s/ A. Kathleen Tomlinson
　　　　　　　　　　　　　　　　　A. KATHLEEN TOMLINSON
　　　　　　　　　　　　　　　　　U.S. Magistrate Judge